# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH BOOKHULTZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. CBD-16-2176 |
| | ) |
| SEARS AUTHORIZED HOMETOWN | ) |
| STORES, LLC, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Defendant Sears Authorized Hometown Stores, LLC ("Defendant") submits before this Court its Motion for Summary Judgment ("the Motion") (ECF No. 60) and Supplemental Memorandum in Support of its Motion (ECF No. 81). Plaintiff Keith Bookhultz filed responses in opposition to the Motion (EFC No. 61) and the supplemental memorandum (ECF No. 84). The Court has reviewed the parties' submissions and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on May 9, 2016, alleging manufacturing defect under a theory of negligence against Defendant. ECF No. 20. Plaintiff alleges that on or about May 12, 2013, he was operating a riding lawn mower purchased from one of Defendant's stores when the seat suddenly detached and threw him to the ground, causing injury. *Id.* at 1.

**DISCUSSION**

**A. Standard of Review**

The Court may grant summary judgment if the pleadings, discovery responses, and any affidavits, show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, a court's summary judgment inquiry "unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [moving party] is entitled to a verdict." *Id.* at 252. Finally, "for a court to accurately determine whether there is a factual dispute for a jury, the judge must be assured that the evidence he examines at summary judgment is as authentic as that which the jury will consider." *Yoon v. Sebelius*, Civ. A. No. CBD-08-3173, 2010 WL 4293513, at *1 (D. Md. Nov. 1, 2010). Here, Defendant fails to show that it is entitled to judgment as a matter of law because 1) the Court is unable to consider certain references to facts which are not supported by record, admissible evidence; 2) there is a genuine issue regarding who bears responsibility for the manufacture of the machine involved; and 3) a number of factors discussed in *Shreve v. Sears, Roebuck & Co.* weigh in favor of Plaintiff. 166 F. Supp. 2d 378 (D. Md. 2001).

**B. The Court is unable to consider a number of references made by both parties to a series of facts unsupported by record, admissible evidence.**

The parties make specific references to facts which are unsupported by record, admissible evidence. This Court has previously ruled that upon a request for summary judgment, "the

2

parties submit materials which create a record; it is on that record only, that the Court rules on summary judgment. . . It is not for the Court to divine whether the legitimate record evidence may be found. The initial burden falls to the moving party." *Yoon*, 2010 WL 4293513, at *1. While the Court is cognizant that Federal Rule of Civil Procedure 56 operates under a burden shifting framework, and that the moving party "need not support its motion with affidavits or other similar materials negating the opponent's claim," any documents submitted that "appear necessary to [the moving party's] argument and the satisfaction of its initial burden" must be "authenticated by either an affidavit or deposition." *See Yoon*,[1] 2010 WL 4293513, at *2–3 (citing to *Celotex Corp.*, 477 U.S. at 323; *Deblois v. Gensel*, No. CCB-07-2596, 2009 WL 2713947, at *6 (D. Md. Aug. 26, 2009). Indeed, Federal Rule of Civil Procedure 56 provides certain types of materials which may be considered, including stipulations, depositions, answers to interrogatories, admissions, and affidavits. "Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath." *Yoon*, 2010 WL 4293513, at *2. Accordingly, the Court is unwilling to consider either parties' references to documentation which is unsworn or unauthenticated.

Defendant's Motion relies upon Exhibits A, C, D, E, and I, and Exhibit A, attached to ECF No. 64, as evidence supporting its Motion. However, these exhibits are not supported by affidavits or testimony under oath setting forth what they presume to be. Indeed, "to be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." *Yoon*, 2010 WL 4293513, at *4 (quoting *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993) (quotations removed)). Likewise, Plaintiff in

---

[1] The Court incorporates by reference the *Yoon* decision for the legal reasoning behind requiring that submitted materials be authenticated. The Court set forth a number of decisions from other courts establishing that unsworn, unauthenticated documents cannot be considered. 2010 WL 4293513, at *2-3.

his opposition makes reference to unauthenticated documents in Defendant's Exhibit A, C, D, and I, as well as "Bookhultz Ex. 1." ECF No. 61; ECF No. 84. Accordingly, the Court will not consider these exhibits for purposes of summary judgment.[2]

### C. A genuine issue of material fact exists regarding who bears responsibility for the manufacturing and assembly of the machine at issue.

Defendant first argues that "any alleged manufacturing defect in the subject lawn tractor cannot be attributed to Sears." ECF No. 60, p. 8. Defendant argues that it has provided the Court with "undisputed evidence" that it was simply a retailer for the lawn tractor, and that the actual manufacturer fully assembled said tractor, with Defendant receiving the tractor in its fully assembled state. *Id.* at 4. Accordingly, Defendant argues that Plaintiff cannot survive summary judgment on account that Plaintiff cannot show that Defendant participated in the manufacturing process, which allegedly led to Plaintiff's injuries. *Id.* at 4, 8; ECF No. 64, pp. 2–3. However, Defendant's reference to "undisputed evidence" is unsupported. Defendant failed to provide the record evidence Defendant relies upon. While the Court has previously noted that the moving party is not obligated to provide documentation supporting its Motion, Defendant's overt reference to "undisputed evidence" convinces the Court that such "evidence" is necessary to Defendant's argument.

Plaintiff counters with two distinct points. First, Plaintiff argues that Defendant failed to disassociate itself from the manufacturing of the lawn tractor, by failing to adequately answer Plaintiff's Interrogatories 4 and 6. ECF No. 61, p. 3. Specifically, Plaintiff points to Defendant's answer to Interrogatory 4, which asked Defendant to identify any party responsible

---

[2] The Court notes that while some of these exhibits were later admitted into evidence at the Pre-trial Conference held March, 7, 2018, the records presented in support or opposition of this Motion preceded said conference and so must be considered as presented at the time of filing.

that Defendant contends is wholly or partly responsible for the injuries sustained.[3] *Id.* Defendant failed to identify any other party as Defendant "participates in the assembly of certain Husqvarna-manufactured machines, [such that] it was only after Sears' own internal investigation that it could evaluate its exposure for negligent manufacture." ECF No. 64, p. 3. Defendant, as stated earlier, has since denied any involvement in the manufacturing of the model of lawn tractor at issue. Second, Plaintiff argues that Defendant not only failed to identify any other parties which are responsible, but one month later, Defendant further implicated itself by providing Plaintiff with an attachment, which Defendant "referred to as a Husqvarna document, but self-identified as the Sears Operator's Manual which cited the Sears Craftsman Help Line." ECF No. 61, p. 3. However, Plaintiff failed to provide documentation to support either of these claims, first by failing to include Defendant's Answers to Interrogatories or alternatively by failing to provide a supporting affidavit. Accordingly, Plaintiff's arguments fail as they are not supported in accordance with the standards set forth above.

The Court is not convinced that summary judgment is the correct course of action in settling what appears to be a genuine issue of material fact. Instead, the Court finds that the issue of who bears responsibility for the manufacturing of the lawn tractor is one for a trier of fact to decide. Accordingly, the Court must deny Defendant's Motion on these grounds.

**D. Defendant's reliance on the Court's opinion in *Shreve* is misplaced, as Plaintiff has presented sufficient evidence to satisfy the requirements for surviving summary judgment.**

Defendant argues that by failing to designate an expert witness to testify regarding the negligent assembly aspect of this case, Plaintiff failed to present sufficient evidence to survive this Motion. ECF No. 60, p. 5. Defendant relies on a number of Maryland cases, with specific

---

[3] The Court notes that the problem with this request is that Defendant could genuinely contend that no one is responsible.

5

attention being given to this Court's ruling in *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378 (D. Md. 2001), for this assertion. *See* ECF No. 60, p. 4–8. Based on the directions of this Court at the pre-trial conference held on March 7, 2018, Defendant filed its Supplemental Memorandum (ECF No. 81), providing further analysis of the Court's ruling in *Shreve* and why that ruling supports granting Defendant's Motion. ECF No. 81.

In alleging a product defect, a plaintiff may evidence such through three methods: "(1) direct proof based on the nature of the accident in the context of the particular product involved; (2) circumstantial proof based on an inference of a defect from a weighing of several factors; and (3) direct affirmative proof through opinion testimony by an expert witness." *Shreve*, 166 F. Supp. 2d, at 407–08. Defendant correctly asserts that Plaintiff cannot survive summary judgment on the third method, as Plaintiff admittedly failed to designate an expert witness to support his claim of negligent assembly. ECF No. 60, p. 5; ECF No. 61. Defendant attempts to argue that Plaintiff fails the first method of direct proof because Plaintiff's claim is for negligent assembly/manufacture, while attesting that the direct proof method only supports a claim of design defect. ECF No. 60, p. 5. Indeed, Defendant presents the following statement from this Court's opinion in *Shreve* as proof of this assertion:

> A manufacturing defect claim cannot be established by simply presenting evidence that the product is defective at the time it left the manufacturer's control. To avoid [a] motion for summary judgment, plaintiffs must offer evidence of some indication that the product at issue either was not manufactured in accordance with the product's design specifications or that during the manufacturing process [the product] was assembled improperly or that some other error occurred.

*Shreve*, 166 F. Supp. 2d at 411. However, Defendant failed to provide convincing evidence that the direct proof method only applies to design defect claims. Instead, Plaintiff must simply provide evidence that the lawn tractor was not manufactured in accordance with the tractor's design. As such, Plaintiff's claim that the lawn tractor was missing a washer identified in the

6

manufacturer's design would, at first glance, seem to satisfy the requirements of *Shreve*. *See* ECF No. 61, p. 2. Indeed, Defendant's reliance on *Shreve* in asserting that this case is analogous and should likewise not survive summary judgment on the direct proof method is misplaced. The Court in *Shreve* found that the plaintiff's manufacturing defect did not survive summary judgment because "no circumstantial evidence [had] been presented to show directly or indirectly that Shreve's [product] was not manufactured in accordance with Craftsman's specifications or that there was some error in the assembly of the product."[4] *Shreve*, 166 F. Supp. 2d at 412. The Court proceeded to explain that "there [was] no physical evidence that supports Shreve's testimony such as a broken piece of machinery or *a comparison between Shreve's [product] and the product design that would show Shreve's [product] to be anomalous.*" *Id.* (emphasis added); *citing to Koch v. Sports Health Home Care Corp.*, 54 F.3d 773, 1995 WL 290409, at *6 (4th Cir. May 15, 1995) (noting that the Fourth Circuit rejected a plaintiff's manufacturing defect theory because the plaintiff "did not provide evidence concerning [defendant's] method of manufacturing or its product specifications in order to show. . . nonconformity with the manufacturer's standards.") As such, the Court is persuaded that Plaintiff's claim that the lawn tractor was missing a washer can be presented, in comparison with the product design, as evidence that Plaintiff's lawn tractor was anomalous.

Assuming *arguendo* that Defendant is correct in its assertion that the direct proof method only applies to product design, the factors presented in *Harrison v. Bill Cairns Pontiac, Inc.* weigh in favor of denying summary judgment. 549 A.2d 385 (Md. App. 1988). Defendant correctly states that for claims to survive summary judgment on the basis of circumstantial proof, the Court must look to a five-factor test presented in *Harrison*, weighing each of the following in

---

[4] The Court notes that at the time of the *Shreve* opinion, Craftsman was a copyrighted name synonymous with Sears.

relation to another: (1) expert testimony as to possible causes; (2) the occurrence of the accident a short time after the sale; (3) same accidents in similar products; (4) the elimination of other causes of the accident; (5) the type of accident that does not happen without a defect. *Id.* at 390. Defendant argues that in considering these five factors, the weight of the evidence supports granting summary judgment. Specifically, Defendant argues that is has provided evidence that the accident did not occur a short time after the sale (ECF No. 60, p. 6) and that the type of accident at issue here could happen without a defect (ECF No. 60, p. 7–8). Additionally, Defendant points out that the "first *Harrison* factor – expert testimony as to possible causes – is 'entitled to considerable weight' in comparison to the others." *Id.* at 6 (*citing Mohammed v. Toyota Motor Sales, U.S.A., Inc.*, 947 A.2d 598, 613 (Md. App. 2008)). However, the Court notes that the documentation that Defendant provided in support of the second factor, Exhibit A, is unauthenticated, and therefore will not be considered. As such, the second factor cannot be viewed in favor of Defendant, as it would be counterintuitive to allow Defendant to make a claim supported by unauthenticated documents at odds with the standard set forth above, only to then find that the unsupported claim helps the moving party. Additionally, Defendant failed to address established case law in this jurisdiction finding that expert testimony is "only required when the subject of the inference is so particularly related to some science. . . that it is beyond the ken of the average lawman." *Shreve*, 166 F. Supp. 2d at 410 (*citing Virgil v. "Kash N' Karry" Service Corp.*, 484 A.2d 652, 656 (1984)). Accordingly, while the presence of expert testimony may be entitled to considerable weight, the absence of expert testimony should not be held against a non-moving party if unneeded.

Plaintiff counters Defendant arguments regarding the *Harrison* factors by stating that he has presented evidence showing that this accident occurred on the first use after sale, that he has

eliminated other causes of the accident, and that a plausible scenario exists showing that this accident did not happen without a defect. ECF No. 61, p. 4.

Given the dispute as to material facts, the Court is unable to adequately determine to which party the *Harrison* factors favor. Additionally, viewing the facts in a light most favorable to the nonmoving party, the *Harrison* factors tend to favor Plaintiff, with factors (2) and (5) favoring Plaintiff, factors (3) and (4) being essentially neutral, and factor (1) favoring Defendant. Accordingly, the Court finds that Defendant's argument regarding the *Harrison* factors is not persuasive.

## **CONCLUSION**

Based on the foregoing, the Court DENIES the Motion.


April 13, 2018                                         /s/
                                            Charles B. Day
                                            United States Magistrate Judge




CBD/gbc