# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH BOOKHULTZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. CBD-16-2176 |
| SEARS AUTHORIZED HOMETOWN STORES, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before this Court is Plaintiff Keith Bookhultz's "Motion for Judgment Not Withstanding the Verdict"[1] ("the Motion") (ECF No. 107) and opposition thereto. The Court has reviewed the parties' submissions and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Keith Bookhultz ("Plaintiff") filed his Amended Complaint on July 18, 2016, alleging "improper assembly" under a theory of negligence against Defendant Sears Authorized Hometown Stores, LLC ("Defendant"). ECF No. 20. Plaintiff alleges that on or about May 12, 2013, he was operating a riding lawn mower purchased from one of Defendant's stores when the seat suddenly detached and threw him to the ground, causing injury. *Id.* at 1. On April 12, 2018, at the conclusion of a three-day trial, a jury found in favor of Defendant, finding that Plaintiff

---

[1] Although Plaintiff files his Motion titled "Motion for Judgment Not Withstanding the Verdict," the relief Plaintiff seeks is the setting aside the jury's verdict and the granting of a new trial pursuant to Federal Rule of Civil Procedure 59. If Plaintiff sought the entry of judgment as a matter of law, the Motion would be under the purview of Federal Rule of Civil Procedure 50. Accordingly, the Court will only address the issue of a new trial governed by Rule 59.

1

failed to establish "by a preponderance of the evidence that the subject lawn tractor's seat mounting system was negligently assembled when it left Defendant's control." ECF No. 101.

## DISCUSSION

### A. Standard of Review

Plaintiff seeks a new trial pursuant to Federal Rule of Civil Procedure 59, which states in pertinent part that "the court may, on motion, grant a new trial on all or some of the issues – and to any party . . . (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Fourth Circuit law has articulated clearly that there are occasions where the court is required to do so. The law of the Fourth Circuit reaffirmed the requirement that district courts must set aside the verdict and grant a new trial if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Gentry v. East West Partners Club -41Management Co., Inc.*, 816 F.3d 228, 240-41 (4th Cir. 2016) (citing *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998)). In this case, the Court does not find that the "verdict is . . . based upon evidence which is false," nor that it "will result in miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Instead, the only issue that could require a new trial, and the one upon which Plaintiff relies, is a question of whether the verdict is against the clear weight of the evidence.

### B. Plaintiff fails to present any evidence supporting his claims that the jury acted improperly in deliberating or delivering its verdict

Plaintiff seeks a new trial claiming that several conclusions drawn from the jury's verdict are against the weight of the evidence. Pl.'s Mot. 2–3. Plaintiff raises four arguments for why a new trial is warranted. First, Plaintiff asserts that the jury erred in the amount of time it took in

2

deliberating. *Id.* at 3. Second, Plaintiff asserts that the jury failed to read the Court's "Jury Instructions." *Id.* at 2. Third, Plaintiff would have the Court find that the jury failing to read the complete Verdict Sheet and answering only the first question on the Verdict Sheet constitutes reversible error. *Id.* Finally, Plaintiff argues that the weight of the evidence indicated spoliation by Defendant. *Id.* at 3.

1. The jury did not err in the amount of time it took in deliberating before delivering a verdict

Plaintiff argues that the jury erred by returning a verdict for Defendant after only deliberating for approximately 35 minutes. Pl.'s Mot. 2-3. However, it is well-settled law that "a short period of deliberation by a jury before returning a verdict does not establish the proposition that the jury did not properly perform its duties." *Segars v. Atlantic Coast Line R. Co.*, 286 F.2d 767, 771 (4th Cir. 1961) (citing to cases, among others, where jury deliberations of four and eight minutes were upheld). Instead, "the short period of deliberation in such cases may indicate only that the members of the jury felt that the evidence was overwhelming in favor of the party receiving the verdict." *Id.* Indeed, Plaintiff has not presented any evidence in the record which supports a failure by the jurors to engage in meaningful deliberation. The Court is left to conclude that the jury understood the instructions delivered by the Court and the evidence presented by both parties, and that there was ample evidence to support the jury's determination.

2. There is no obligation by the jury to read the Court's instructions

Plaintiff argues that due to the brief amount of time taken in deliberating, the only conclusion to be drawn is that the jury failed to read the Jury Instructions provided to each juror by the Court. Pl.'s Mot. 2. Specifically, Plaintiff argues that the jury disregarded "the instruction for the 'Duty of the Seller' and that of the 'Duty to Deliberate'." *Id.* However, Plaintiff cannot present any evidence indicating that the jurors failed to read the instructions, nor

3

can Plaintiff provide any precedential case law requiring the jurors to read the instructions after having them read into the record by the presiding judge.  Likewise, Plaintiff fails to provide any evidence that the jury disregarded any of the instructions, instead relies only on his conclusion that the jury did not take enough time deliberating to have considered all of the instructions.  Pl.'s Mot. 2.  The Court is not persuaded that the jury failed to consider any of the instructions that the Court read into the record, nor is the Court convinced that the jurors were under any obligation to read the instructions.

        3.   The jury did not err by failing to read the entire Verdict Sheet

Likewise, the Court finds that Plaintiff's argument regarding the jury only answering the first question of the Verdict Sheet bears no weight.  During the charge conference held on April 12, 2018, the parties agreed upon the Verdict Sheet to be presented to the jury upon the conclusion of the parties' respective cases.  The jury found that Plaintiff did not establish "by a preponderance of the evidence that the subject lawn tractor's seat mounting system was negligently assembled when it left Defendant's control."  ECF No. 101, p. 1 (answering "no" to Question 1 of the Verdict Sheet).  As the Verdict Sheet indicated, the jury was under no obligation to consider Questions 2 through 5.  Indeed, upon a finding that the tractor was not "negligently assembled," Plaintiff would be unable to prove Defendant's liability.

        4.   There is no issue of spoliation that would entitle Plaintiff to a new trial

Finally, Plaintiff points to the jury's failure to consider an instruction regarding spoliation.  Pl.'s Mot. 3.  However, the Court denied Plaintiff's request as to a specific instruction as to spoliation as the Pretrial Conference on March 7, 2017.  ECF No. 75, 76.  Accordingly, Plaintiff's argument regarding spoliation holds no weight.

4

## **CONCLUSION**

Plaintiff's Motion contends that the verdict was against the weight of the evidence and did not adequately reflect the Court's instructions, such that upholding the verdict would constitute a miscarriage of justice. The Court disagrees. For all of the reasons presented above, the Court **DENIES** Plaintiff's Motion.


August 3, 2018                                             /s/
                                                     Charles B. Day
                                                     United States Magistrate Judge



CBD/gbc